UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FRANK LIENEMANN,

        Petitioner,         Case No. 1:12-cv-305

v.         Honorable Robert J. Jonker

KENNETH MCKEE,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Background**

Petitioner James Frank Lienemann is a prisoner incarcerated by the Michigan Department of Corrections. In 2009, he was charged with several counts of criminal conduct, including one count of manufacturing or possessing a Molotov cocktail causing damage to the property of another person, Mich. Comp. Laws § 750.211a(2)(c), and one count of felony-firearm, Mich. Comp. Laws § 750.227b. The charges arose out of an incident in which Petitioner helped another individual make an incendiary grenade known as a Molotov cocktail, and then fired several bullets into the window of a house so that the other individual could toss the grenade into the house. Petitioner pleaded guilty to the aforementioned counts, and on June 1, 2009, the Kalamazoo County Circuit Court sentenced petitioner to 8 to 20 years of imprisonment for the count related to the Molotov cocktail, and 2 years of imprisonment for the felony-firearm count. Petitioner's appointed counsel allegedly advised Petitioner that there were no issues meriting review, and sent Petitioner a form in which Petitioner agreed to waive his right to appellate review. The trial court allowed Petitioner's counsel to withdraw from the case, and Petitioner proceeded to file an appeal on his own behalf before the Michigan Court of Appeals. The appeal was denied on October 14, 2010, for lack of merit in the grounds presented. Petitioner sought further review by the Michigan Supreme Court, and that court denied leave to appeal on March 29, 2011. On March 26, 2012, Petitioner filed a motion for relief from judgment in the state court pursuant to Rule 6.502 of the Michigan Court Rules, and that motion remains pending.

In the instant petition, Petitioner raises the following grounds for relief:

I. Petitioner was denied his right to due process where: (1) his conviction was not supported by evidence sufficient to establish guilt beyond a reasonable

        doubt; (2) his conviction was obtained by an unknowing, involuntary, and unintelligent plea; and (3) the trial judge abused his discretion in accepting a plea where a factual basis for the plea did not exist.

    II.    Petitioner was denied his right to due process where: (1) the prosecutor denied him access to critical, "exculpatory" evidence needed to file his application for leave for appeal; and (2) the prosecutor deliberately elicited false testimony regarding the nature of the damages to prejudice Petitioner and deny him a fair trial.

    III.    Petitioner's plea was involuntary and/or the product of ineffective assistance of counsel, because: (1) counsel failed to object to the charged offense and failed to raise an issue regarding damages; (2) counsel failed to advise Petitioner of the nature of the charges against him and the elements needed to convict on those charges; and (3) counsel improperly persuaded Petitioner's mother to convince Petitioner to accept the plea.

    IV.    Petitioner was denied due process and/or effective assistance of counsel where: (1) appellate counsel improperly advised Petitioner that his appeal lacked issues meriting review and sent Petitioner a form to sign which caused Petitioner to unknowingly waive his right to appellate review; and (2) appellate counsel improperly withdrew without identifying any issues meriting review and Petitioner was forced to proceed without assistance.

    V.    Petitioner was denied due process and/or effective assistance of counsel where the trial court denied Petitioner's request for re-appointment of appellate counsel, thereby forcing Petitioner to proceed without counsel on appeal.

(*See* Pet.5-8, docket #1.)

## Discussion

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised approximately eleven issues on appeal (*see* Pet. 2-3), and that he has raised approximately five issues in his motion for relief from judgment (*see* Pet. 3-4). It appears that at least some of the grounds for relief raised in the instant petition (e.g., grounds IV and V, which concern the right to effective assistance of appellate counsel) were not presented on direct appeal.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise any unexhausted issues that he has presented in the instant petition. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Indeed, Petitioner indicates that he has already filed such a motion. Therefore, the Court concludes that he has at least one available state remedy.[1]

---

[1]The Court makes no determination at this time as to whether Petitioner's motion for relief from judgment adequately raises all of the unexhausted claims set forth in the petition.

Because Petitioner appears to have some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on March 29, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 27, 2011. Accordingly, absent tolling,

Petitioner would have one year, until June 26, 2012, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has more than sixty days remaining in his limitations period. Indeed, assuming Petitioner filed a timely and proper motion for relief from judgment, that motion tolls the statute of limitations for as long as it remains pending. *See* 28 U.S.C. § 2244(d)(2). Thus, assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue any unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination

that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a

certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:   April 17, 2012             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE